IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ALADDIN TEMP-RITE, LLC | )<br>) |
| Plaintiff, | )<br>) Civil Action No. _____ |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| SOCAMEL TECHNOLOGIES, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aladdin Temp-Rite, LLC, for its Complaint against Defendant Socamel Technologies ("Defendant"), states as follows:

### I. THE PARTIES

1. Plaintiff Aladdin Temp-Rite, LLC ("Aladdin") is a Tennessee limited liability company with its corporate headquarters located at 250 East Main Street, Hendersonville, Tennessee 37075. Aladdin designs, manufactures, offers for sale and sells a wide variety of innovative foodservice products throughout the United States.

2. Upon information and belief, Defendant Socamel Technologies ("Socamel") is a foreign corporation with its corporate headquarters located in France at BP 7 – 38148 Rives Cedex-France. Upon information and belief, Socamel imports into the United States, sells into the United States, and sells to United States-based entities a wide variety of products for use in restaurant, healthcare, hospitality, educational, correctional, and military settings, primarily to and through its distributor and re-seller, Carlisle Foodservice Products, Inc. ("Carlisle").

3. Certain products imported and sold by Socamel in the United States directly compete with Aladdin's products. Moreover, Socamel's distributor and re-seller, Carlisle, regularly competes against Aladdin for foodservice customers.

4. Upon information and belief, Socamel and Carlisle are currently acting jointly and in concert to actively and willfully manufacture, import, market, distribute, offer for sale, and sell products infringing one of Aladdin's United States patents, as described more fully herein.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Socamel has transacted business in the United States, including in this judicial district, and has committed acts of patent infringement in this judicial district. Upon further information and belief, Socamel has placed infringing products into the stream of commerce in the United States knowing they would be used and sold throughout the United States, including in this judicial district.

7. Upon information and belief, Socamel is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Tennessee Long Arm Statute, due at least to its business in this forum, including but not limited to: (i) at least a portion of the infringements alleged herein occurring in Tennessee and the attendant harm therefrom being felt in Tennessee and this judicial district; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Tennessee and in this judicial district.

2

### III. FACTS RELATING TO SOCAMEL'S INFRINGEMENT

8. Aladdin is the owner of all rights, title and interest in United States Patent No. 7,025,121 ("'121 Patent"), entitled, REFRIGERATION/RETHERMALIZATION FOOD DELIVERY SYSTEM, which was duly and lawfully issued by the United States Patent and Trademark Office on April 11, 2006. A copy of the '121 Patent is attached as **Exhibit A** to this Complaint.

9. In late 2012 and 2013, the Veterans Administration (herein "VA") opened a bidding process for a contract to provide meal delivery systems to certain VA healthcare facilities, which the VA identified as Solicitation No. VA246-12-Q-09416.

10. Aladdin obtained all necessary information from the VA to submit a bid to the VA, including the VA's specifications for the meal delivery system required for an award of the contract.

11. Following various amendments to the bid solicitation by the VA, Aladdin submitted a proposal to the VA. Aladdin's bid proposal offered to supply the VA with Aladdin's patented Convect-Rite® III® System, which consists of the Convect-Rite® III® Docking Station and Cart.

12. In preparing its proposal for submission to the VA, Aladdin noted that the VA's specifications for a meal delivery system included virtually all the claim elements in one or more of the claims in Aladdin's '121 Patent, and upon information and belief, any meal delivery system meeting the VA's specifications would infringe the claims of the '121 Patent.

13. Despite the existence of the '121 Patent and the VA's adoption of specifications requiring the very features claimed in the '121 Patent, Socamel's United States distributor, Carlisle, also submitted a proposal for a meal delivery system to the VA. Upon information and belief, Socamel encouraged and supported Carlisle in its effort to prepare and submit the bid to

3

the VA, notwithstanding the fact that Socamel and its agents were fully aware of Aladdin's Convect-Rite® III® System and the '121 Patent.

14. Carlisle's proposed meal delivery system was called the Thermal Aire II™ Docking Station and Cart. Upon information and belief, this system was manufactured in France by Socamel, and upon information and belief, Socamel imported the product into the United States for sale to Carlisle in the United States.

15. Like the invention disclosed in the '121 Patent, the carts and the docking stations comprising the Thermal Aire II™ Docking Station and Cart sytems are sold together and separately. These two components (docking stations and carts) are designed to work together and do not have a substantial noninfringing use.

16. The Thermal Aire II™ Carts are intended for use, and are used, exclusively with the Thermal Aire II™ Docking Stations and vice-versa.

17. Thermal Aire II™ Docking Stations and Carts are sold with knowledge that they will be used together and with the specific intent that they will be used together. Upon information and belief, more than one cart is frequently sold in connection with each sale of a docking station to facilitate preparation and delivery of three (3) meals per day.

18. The VA awarded Carlisle the contract for the meal delivery systems required by Solicitation No. VA246-12-Q-09416, and Aladdin responded by filing a protest of the contract being awarded to Carlisle.

19. Aladdin's bid protest was ultimately rejected, and Carlisle was awarded the VA contract. Thereafter, upon information and belief, Socamel began importing, selling and delivering Thermal Aire II™ Docking Stations and Carts to Carlisle for delivery pursuant to the VA contract. Carlisle has delivered, or is in the process of delivering, the aforementioned meal

4

delivery systems to VA healthcare facilities in North Carolina, Virginia, and West Virginia that infringe one or more claims of Aladdin's '121 Patent.

20. Upon information and belief, Socamel also has imported, sold, and delivered infringing meal delivery systems to Carlisle for sale to numerous other governmental and non-governmental customers, including customers with no connection to the VA or federal government.

21. Information concerning the infringing Thermal Aire II™ Docking Station and Cart can be found at the website, http://www.carlislefsp.com/retherm-systems/thermal-aire-ii.

22. Upon information and belief, Carlisle takes title and possession of the infringing meal delivery systems in the United States.

23. Aladdin filed a previous an action for patent infringement against Carlisle in this judicial district captioned, *Aladdin Temp-Rite, LLC v. Carlisle Foodservice Products, Inc.*, 3:13-cv-00650, which is currently pending before Judge Nixon and Magistrate Judge Knowles. Aladdin recently discovered information indicating that Socamel is importing the infringing Thermal Aire II™ Docking Stations and Carts into the United States for sale to Carlisle, thereby committing acts of infringement in the United States and necessitating this action.

### IV. CAUSE OF ACTION

#### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,025,121

24. Upon information and belief, Socamel, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe the '121 Patent through importing, offering for sale, and/or selling in the United States, foodservice equipment that falls within one or more of the claims of the '121 Patent, including the Thermal Aire II™ Docking Stations and Carts.

5

25. Upon information and belief, Socamel has had actual notice of the '121 Patent by virtue of Aladdin's marking of its patented products.

26. Upon information and belief, Socamel has had actual notice of Aladdin's prior lawsuit against Carlisle since at least shortly after the filing of that lawsuit.

27. On information and belief, Socamel will continue to infringe the '121 Patent unless enjoined by this Court.

28. Upon information and belief, Socamel copied, and was forced to copy, each and every one of the patented elements of Aladdin's '121 Patent in order to meet the VA's specifications contained in Solicitation No. VA246-12-Q-09416. Furthermore, Socamel has been forced to incorporate each and every element of the '121 Patent into the Thermal Aire II™ Docking Stations and Carts in order to meet the specifications and requirements of governmental and non-governmental foodservice customers in the United States.

29. Upon information and belief, and based on the foregoing allegations, Socamel's infringement of the '121 Patent is, has been, and continues to be, willful and deliberate.

30. Upon information and belief, Socamel has actively induced infringement of the '121 Patent by encouraging Carlisle to purchase and use products that infringe the '121 Patent. In particular, Socamel has had knowledge of the '121 Patent at all relevant times. Socamel also had knowledge that its sales of infringing product to Carlisle would, in turn, lead to Carlisle selling such products in the United States – another act of infringement. At all relevant times, Socamel had the specific intent to encourage Carlisle to sell the infringing product in the United States due to Socamel being the importer and seller to Carlisle of the infringing product.

31. Upon information and belief, Socamel has contributorily infringed the '121 Patent by encouraging, directing, and partnering with Carlisle, to import, manufacture, distribute,

6

market, offer for sale, and sell products that infringe the '121 Patent. In particular, Carlisle and Carlisle's customers are direct infringers by, for example, selling (Carlisle) and using (Carlisle's customers) the infringing products. As alleged above, at all relevant times Socamel has had knowledge of the '121 Patent. Further, Socamel has sold components of the infringing products to Carlisle (including without limitation the Thermal Aire II™ Docking Stations and Carts) that, on their own, have no substantial noninfringing uses. The sale and ultimate use of these components together constitutes infringement. Socamel engaged in the sale of these components to Carlisle with the intent, hope, and expectation that Carlisle, in turn, would sell the components to purchasers in the United States.

32. Socamel's infringement of the '121 Patent is causing Aladdin great damage and irreparable harm, and Aladdin has no adequate remedy at law. Socamel's importation and sale of a product that infringes a United States patent and is manufactured in France is also causing harm to the foodservice industry in the United States. Unless Socamel stops all infringing activities immediately, Aladdin will be left no choice but to seek preliminary injunctive relief, and Aladdin is entitled to preliminary injunction relief.

33. As a direct and proximate result of Socamel's infringement of the '121 Patent, Aladdin has been and continues to be damaged in an amount to be determined at trial.

## V. JURY DEMAND

34. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Aladdin demands a trial by jury of any issue so triable.

## VI. REQUEST FOR RELIEF

Wherefore, Aladdin requests the following relief:

1. For a judgment in favor of Aladdin that the '121 Patent is valid and infringed by Socamel, and a ruling that Socamel has willfully infringed the '121 Patent in violation of 35 U.S.C. § 271.

2. For preliminary and permanent injunctions enjoining and restraining Socamel and its parents, subsidiaries, affiliated companies, officers, agents, servants, representatives and employees, and all persons in active concert or participation with them, from:

(a) directly, indirectly, or contributorily infringing the '121 Patent, and from inducing, aiding, causing or materially contributing to any such infringement;

(b) any importation, manufacture, assembly, advertisement, promotion, offer for sale, sale, purchase, distribution, movement or transfer of, or any other involvement with products that infringe the '121 Patent, including but not limited to Socamel's foodservice system sold in the United States as the Thermal Aire II™ Docking Stations and Carts; and

(c) otherwise competing unfairly with Aladdin.

3. For an order requiring Socamel to:

(a) deliver to the Court or to Aladdin for destruction any inventory of Thermal Aire II™ Docking Stations and Carts, component parts, advertisements, brochures, promotions, software, computer files, and all other things imported into the United States by Socamel relating to their infringing products;

(b) Pay to Aladdin such damages, as Aladdin has sustained as a consequence of Socamel's infringement, and/or a reasonable royalty as provided by the Patent Act; and prejudgment interest, costs and expenses, including attorneys' fees in connection with this action.

4. A jury trial on all issues so triable; and

5. Any and all other relief that the Court deems just and proper.

This the 2nd day of July, 2014.

Respectfully submitted,

_____
Overton Thompson III (BPR #11163)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200 – Telephone
(615) 742-0429 – Facsimile
othompson@bassberry.com

*Attorneys for Plaintiff Aladdin Temp-Rite, LLC*

**OF COUNSEL:**

Robert D. Mason, Jr. (*pro hac vice motion to be submitted*)
Jacob S. Wharton (*pro hac vice motion to be submitted*)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone:   336-721-3761
Facsimile:   336-726-9093
E-mail:  rmason@wcsr.com